UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAPID READYMIX CO., | CASE NO. 3:23-cv-05421-DGE |
| Plaintiff, | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| v. | |
| CONCRETE STRATEGIES LLC, | |
| Defendant. | |

This matter comes before the Court on its own review of the record. Plaintiff's complaint alleges Defendant Concrete Strategies LLC is a Missouri limited liability company registered to do business in the State of Washington. (Dkt. No. 1.) Plaintiff further alleges Defendant's Governor and member is Claycorp, Inc., a Missouri corporation. (*Id*.)

Plaintiff's complaint is based upon diversity jurisdiction, but does not identify all members of Defendant's limited liability company ("LLC") and their citizenship. As the Ninth Circuit has explained:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the

ORDER DISMISSING CASE WITH LEAVE TO AMEND - 1

> United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's complaint has improperly alleged an LLC's principal place of business rather than the identity and citizenship of every individual member. *See e.g. Wilkins v. Stapleton*, Case No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132 at *1 (M.D. Fla. Aug. 1, 2017); *see also E. Bay L. v. Ford Motor Co.*, No. 13-17280, 2015 WL 13926922, at *1 (9th Cir. May 15, 2015) (Diverse residency is not sufficient to establish diversity jurisdiction).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C. § 1332(a), give federal district courts jurisdiction "over cases between 'citizens of different States,' and 'over cases between citizens of a State' and 'citizens or subjects of a foreign state.'" *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990).

"The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court ... each plaintiff must be diverse from each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir.2001). Failure to meet the requirements of

the diversity statute for each defendant destroys "complete diversity," "rendering the entire case beyond the federal court's power to decide." *Id*. at 1005.

Here, because Plaintiff has not pleaded the identity and citizenship of every individual member of Defendant's LLC, the Court cannot ascertain whether complete diversity exists and therefore cannot determine whether it has jurisdiction over this case. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857.

Subject matter jurisdiction "can never be forfeited or waived" and federal courts have a continuing "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Accordingly, Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice. On or before **June 1, 2023**, Plaintiff may file an amended complaint that properly establishes the grounds for the Court's exercise of subject matter jurisdiction.

Dated this 18th day of May, 2023.

David G. Estudillo
United States District Judge